Jeffrey M. Lenkov, Esq. (State Bar No. 156478)
Lisa A. Villasenor, Esq. (State Bar No. 133984)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:    (415) 217-6999
jml@mmker.com; lav@mmker.com

Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.,
Formerly known as J.C. PENNEY COMPANY, INC.
(Erroneously sued and served herein as J.C. PENNEY PROPERTIES, INC.)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE JOLIVET, | Case No.: C072517-EMC |
| Plaintiff, | **DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT** |
| vs. | |
| J.C. PENNEY PROPERTIES INC., & DOES 1-10 | |
| Defendants. | |

### DEFENDANT'S ANSWER

Defendant, J.C. PENNEY CORPORATION, INC., formerly known as J.C. PENNEY COMPANY, INC.[1] ("J.C.Penney") through it's counsel, answers the Complaint of Plaintiff, BERNADETTE JOLIVET (Plaintiff).

1.    J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis, denies each and every allegation contained thereon.

2.    J.C.Penney admits the allegations contained in Paragraph 2 of the Complaint, in so far only as they pertain to the state court filing, but denies the allegations as a result of the proper removal of this action to United States District Court on the basis of diversity jurisdiction.

---

[1] The Defendant is named erroneously as "J.C. Penney Properties, Inc." in the caption of the lawsuit as filed in California State Court.

D:\docsdata\lav\Jolivet v. J.C. Penney\Pleadings\Answer.wpd

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

3.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and on that basis, denies each and every allegation contained thereon.

4.     J.C.Penney admits the allegations contained in Paragraph 4 of the Complaint.

5.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis, denies each and every allegation contained thereon, and specifically denies the allegations "Defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of legal rights or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission."

6.     J.C.Penney admits the allegations contained in Paragraph 6 of the Complaint with exception of DOES.

7.     J.C.Penney admits the allegations contained in Paragraph 7 of the Complaint, in so far only as they pertain to the state court filing, but denies the allegations as a result of the proper removal of this action to United States District Court on the basis of diversity jurisdiction.

8.     J.C.Penney denies the allegations contained in Paragraph 8 of the Complaint.

9.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis, denies each and every allegation contained thereon.

10.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis, denies each and every allegation contained thereon.

11.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis, denies each and every allegation contained thereon.

///

///

D:\docsdata\lav\Jolivet v. J.C. Penney\Pleadings\Answer.wpd

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

12.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis, denies each and every allegation contained thereon.

13.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis, denies each and every allegation contained thereon.

14.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and on that basis, denies each and every allegation contained thereon.

15.     J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis, denies each and every allegation contained thereon.

16 .    J.C.Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis, denies each and every allegation contained thereon.

17.     J.C.Penney admits the allegations contained in Paragraph 17 of the Complaint.

18.     J.C.Penney denies the allegations contained in Paragraph 18 of the Complaint.

19.     J.C.Penney denies the allegations contained in Paragraph 19 of the Complaint.

20.     J.C.Penney denies the allegations contained in Paragraph 20 of the Complaint.

### FIRST CLAIM FOR NEGLIGENCE

21.     J.C.Penney admits the allegations contained in Paragraph 21 of the Complaint.

22.     J.C.Penney is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and on that basis denies each and every allegation contained thereon.

23.     J.C.Penney denies the allegations contained in Paragraph 23 of the Complaint.

24.     J.C.Penney denies the allegations contained in Paragraph 24 of the Complaint.

///

///

-3-

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

**SECOND CLAIM FOR NEGLIGENT HIRING**

25.    J.C.Penney admits the allegations contained in Paragraph 25 of the Complaint with the exception of "...except for any and all allegations of intentional, malicious, extreme, outrageous, wanton and oppressive conduct by defendants" as this phrase is nonsensical and unintelligible.

26.    J.C.Penney is without sufficient knowledge or belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis, denies each and every allegation contained thereon.

27.    J.C.Penney is without sufficient knowledge or belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and on that basis, denies each and every allegation contained thereon.

28.    J.C.Penney denies the allegations and demands contained in Plaintiff's Prayer for judgment. J.C.Penney denies that Plaintiff is entitled to any requested relief.

**FIRST AFFIRMATIVE DEFENSE**

29.    J.C.Penney affirmatively pleads that some of Plaintiff's claims may be barred by the applicable Statute of Limitations.

**SECOND AFFIRMATIVE DEFENSE**

30.    J.C.Penney affirmatively pleads that Plaintiff's damages are speculative.

**THIRD AFFIRMATIVE DEFENSE**

31.    J.C.Penney is informed and believes and based thereon alleges that any and all events and happenings in connection with the letters alleged in the Complaint, and the resulting damages allegedly suffered by the Plaintiff, were proximately caused and contributed to by the independent, intervening, negligent and unlawful conduct of independent third parties and/or their agents (excluding J.C.Penney) which therefore bars Plaintiff from recovering the damages sought in the Complaint from J.C.Penney.

///

///

///

///

-4-

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**

32.    J.C.Penney affirmatively pleads that if it should be found that J.C.Penney is in any manner legally responsible for damages sustained by Plaintiff, if any, which supposition is not admitted, but merely stated for purposes of this affirmative defense, it should be found that any damages determined to have been incurred or suffered by Plaintiff in this action were proximately caused or contributed to by others, including other DOES or unnamed defendants in this case, whether served or not served and/or proximately caused or contributed to by other persons or entities not parties to this action.

**FIFTH AFFIRMATIVE DEFENSE**

33.    Upon information and belief it is alleged that Plaintiff failed to mitigate her alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

34.    Upon information and belief it is alleged that Plaintiff is barred from belief by the Doctrines of Laches, Waiver, Release and Estoppel, and each of said Doctrines, due to her own acts and/or omissions and/or due to the acts and/or omissions of her partners or agents (excluding J.C.Penney), with reference to the subject matter of the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

35.    Upon information and belief it is alleged that Plaintiff's cause of action for negligence is barred or her recovery should be diminished because the alleged damage was caused by Plaintiff's failure to exercise ordinary care on her own behalf for her own safety.

**EIGHTH AFFIRMATIVE DEFENSE**

36.    Upon information and belief it is alleged that at the time and place referred to in the Complaint and before such event, Plaintiff knew the risk in placing herself in the position which she then assumed, and voluntarily assumed such risks, including, but not limited to, the risk of suffering personal bodily injury.

///

///

///

D:\docsdata\lav\Jolivet v. J.C. Penney\Pleadings\Answer.wpd

### NINTH AFFIRMATIVE DEFENSE

37.    Upon information and belief it is alleged that the injury to Plaintiff did not occur in a way that is reasonably foreseeable as a consequence of the alleged dangerous condition of the property.

### TENTH AFFIRMATIVE DEFENSE

38.    Upon information and belief it is alleged that J.C.Penney did not have actual or constructive notice of the dangerous condition a sufficient time before the accident within which measures could have ben taken to protect against the dangerous condition.

### ELEVENTH AFFIRMATIVE DEFENSE

39.    Upon information and belief it is alleged that the condition of the property which is allegedly resulted in the injury claimed by Plaintiff creates a minor, trivial, or insignificant risk of injury.

### TWELFTH AFFIRMATIVE DEFENSE

40.    Upon information and belief it is alleged that the damages sustained or to be sustained by Plaintiff, if any, were proximately caused or contributed to by the act of negligence by Plaintiff and that she personally participated in a negligent act or omission which brought about the injuries or damages of which she is complaining. Consequently, neither the law nor any agreement entitles Plaintiff to an indemnity.

### THIRTEENTH AFFIRMATIVE DEFENSE

41.    Upon information or belief it is alleged that the Plaintiff is barred from relief under the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

42.    Upon information and belief it is alleged that the damages claimed by Plaintiff, or to which Plaintiff is entitled to recover, if any, are *de minimis* and trivial in nature.

///

///

///

///

D:\docsdata\lav\Jolivet v. J.C. Penney\Pleadings\Answer.wpd

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

WHEREFORE, J.C. Penney prays as follows:

1.      That Plaintiff take nothing by reason of her Complaint, that Judgment be rendered in favor of Defendant and that this Court dismiss Plaintiff's Complaint in its entirety;

2.      That Defendant be awarded its costs in defense of this action; and

3.      For such other and further relief as this Court finds just and deems proper.

Dated:  June 21, 2007                          Respectfully submitted,

                                               MANNING & MARDER
                                               KASS, ELLROD, RAMIREZ LLP


                                               By:
                                                   Lisa A. Villasenor
                                               Attorneys for Defendant,
                                               J.C. PENNEY CORPORATION, INC.,
                                               (erroneously sued as J.C. PENNEY
                                               PROPERTIES, INC.)

-7-

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT

**CERTIFICATION OF SERVICE**

*Bernadette Jolivet v. J.C. PENNEY PROPERTIES , INC.*
United States District Court - Northern District Case No.: (To be Determined)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On the date indicated below, I served the document described as DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT to the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Adante D. Pointer, Esq.                          Counsel for Plaintiff,
LAW OFFICES OF JOHN L. BURRIS          BERNADETTE JOLIVET
7677 Oakport Street, Suite 1120
Oakland, CA 94621
adante.pointer@johnburrislaw.com

☒   **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

     I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **(ELECTRONICALLY)** I caused such envelope to be filed and served on the interested parties through the U.S. District Court, Northern District of California Electronic Court Filing system (ECF).

☒   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 21, 2007 at San Francisco, California.

_____
Carlos Rios

-8-

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT