LISA A. VILLASENOR, Esq./ State Bar # 133984
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:    (415) 217-6999

Attorneys for Defendant
JC PENNEY COMPANY, INC.


ADANTE' D. POINTER, Esq./State Bar # 36229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiff
BERNADETTE JOLIVET

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE JOLIVET,<br><br>  Plaintiff,<br><br>vs.<br><br>JC PENNEY COMPANY, INC.,<br><br>  Defendants. | Case No.: 3:07-cv-02517-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER**<br>[Civil L.R. 16-9]<br><br>Conference Date: August 22, 2007<br>Time:                    1:30 p.m.<br>Courtroom:          C |

The parties, by and through their respective counsel, hereby jointly submit this Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

The Court has jurisdiction over this matter pursuant to diversity between the parties and defendant has removed this action from Alameda Superior Court based on diversity between the parties and removal jurisdiction (28 U.S.C. Section 1441(b)) and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. The parties are unaware of any other parties remaining to be served.

2. **Facts**

   A. **Plaintiff's Version:**

This case arises out of the reckless and/or negligent conduct of a J.C. Penney employee that struck a chair occupied by Ms. Bernadette Jolivet while she was receiving "salon services" at J.C. Penney's Newark, California store. The employee's contact with chair caused the chair to tip-over, throwing Ms. Jolivet to the ground whereupon she violently hit her shoulder and arm. She immediately sought and received medical treatment on the day of the incident and over the course of recovering from her injuries developed an acute case of "frozen shoulder" syndrome. Despite enduring several grueling physical therapy sessions, steroid injections and taking anti-inflammatory medications she has not regained the full use and enjoyment of her arm. As a result, she experiences considerable difficulty performing many of the routine tasks she once performed with ease. Moreover, her treating physician recommends she undergo arthroscopic surgery to address the severely limited range of motion she currently experiences.

      **B.**    **Defendant's Version:**

Plaintiff alleges that on November 24, 2004, she was injured when, after receiving a waxing treatment to her facial area, at the defendant's Newark, California store, the salon table she was on tipped over as she was getting up to leave.

**3.**    **The Principal Factual Issues the Parties Dispute:**

The principal factual issues in dispute are:

    1.    The nature of plaintiff's bodily movements on the salon equipment;

    2.    Whether the salon equipment at issue is a chair or a table;

    3.    The nature of her fall;

    4.    The nature and extent of Plaintiff's injuries;

    5.    Whether the Defendants had notice of the alleged dangerous condition;

    6.    Whether the Defendant employee's conduct contributed to the salon equipment tipping over.

**4.**    **The Principal Legal Issues the Parties Dispute:**

The Principal Legal Issues in dispute are:

    1.    Whether the Defendant's breached their duty of care to Plaintiff;

    2.    Whether the Defendants conduct is the proximate cause of Plaintiff's injuries;

**5.**    **Motions**

No motions are anticipated beyond discovery motions, which at this time are not indicated. The parties reserve the right to make pre-trial motions in limine.

### 6. Amendment of Pleadings

Plaintiff may need to amend her Complaint to include the specific name of the Defendant's employee alleged to have struck the salon equipment in question.

### 7. Evidence Preservation

Defendant does not have the salon chair or table in use by the plaintiff at the time of the incident. The equipment was disposed of before indication of a lawsuit by plaintiff. Otherwise, the premises where the incident occurred are readily available for inspection whereas the configuration of the salon has not been changed to our knowledge. Otherwise, all evidence has been preserved to the knowledge of Defendant's counsel.

Plaintiff is concerned with the fact that the Defendant did not take appropriate measures to preserve the salon equipment in question. The Defendant was made aware of the incident on the day in question and Plaintiff presented her claim within a reasonable amount of time after the incident so as to put the Defendant on notice to preserve the evidence.

### 8. Disclosures

Plaintiff has made initial disclosures concerning medical records and bills.

Defendant has few documents in its possession relative to the claims of plaintiff, aside from those provided by plaintiff. A timely disclosure of any documents to be disclosed will be made no later than the date of the Case Management Conference in this case. Defendant's one page Report of the incident was prepared in anticipation of litigation. Defendant will assert a privilege attorney client communication.

9.  **Discovery**

No formal discovery has taken place to date. The parties agree that the discovery limitations in the Federal Rules of Civil Procedure will apply absent a stipulation or order to the contrary.

10. **Class Actions**

Not applicable.

11. **Related Cases**

Not applicable.

12. **Relief**

Plaintiff prays for economic damages in consideration of her special and general damages.

13. **Settlement and ADR**

The parties have stipulated to mediation. The parties will complete basic discovery to include the deposition of the plaintiff and J.C. Penney employee, Sherri Turner, as well as responding to basic interrogatories, prior to the mediation, to allow for effective negotiations.

14. **Consent to Magistrate Judge for All Purposes**

The parties have consented.

15. **Other References**

This action is not suitable for binding arbitration, a special master or Multi District Litigation.

16. **Narrowing of Issues**

None at this early juncture.

**17.  Expedited Schedule**

Not applicable.

**18.  Scheduling**

| | |
|---|---|
| Fact Discovery Cut-Off: | February 15, 2008 |
| Expert Disclosure Deadline: | February 29, 2008 |
| Rebuttal Expert Disclosure: | March 14, 2008 |
| Hearing of Dispositive Motions: | May 21, 2008 |
| Pre-trial Conference: | June 25, 2008 |
| Trial: | July 1, 2008 |

**18.  Trial**

Jury trial demanded by defendant, anticipated length 4 to 5 days.

**19.  Disclosure of Non-party Interested Entities or Persons**

As to defendant, the parent corporation of J.C. Penney Corporation, Inc. Is J.C. Penney Company, Inc.  There is no publicly held corporation that owns 10% or more of its stock.  No other publicly-held entity has any financial interest in the outcome of this litigation.

**20.  Other**

Counsel for defendant has a long cause trial beginning March 10, 2008 which is expected to last through the end of April in Contra Costa Superior Court, Martinez, concerning a multi-party coordinated action before The Honorable David Flinn (Knox v. Kinder Morgan, etc., MS4433).  Therefore, as a result of a very heavy discovery schedule, dispositive motions and trial preparation, counsel for defendant will be unavailable to try the instant action prior to April 30, 2008.

| | | |
|---|---|---|
| 1 | Dated: *August 15, 2007* | **MANNING & MARDER** |
| 2 | | **KASS, ELLROD, RAMIREZ LLP** |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Lisa A. Villasenor |
| | | Attorneys for Defendant, |
| 6 | | JC PENNEY CORPORATION, INC. |
| | | [Erroneously sued and served herein as |
| 7 | | J.C. Penney Properties Inc.] |
| 8 | Dated: _____ | **LAW OFFICES OF JOHN L. BURRIS** |
| 9 | | |
| 10 | | |
| | | By: _____ |
| 11 | | Adanté D. Pointer. |
| | | Attorneys for Plaintiff, |
| 12 | | BERNADETTE JOLIVET |

# CERTIFICATION OF SERVICE

*Bernadette Jolivet v. J.C. PENNEY PROPERTIES, INC.*
United States District Court - Northern District Case No.: (3:07-cv-02517-emc)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On the date indicated below, I served the document described as **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** to the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Adante D. Pointer, Esq.<br>Law Offices of John L. Burris<br>7677 Oakport Street, Suite 1120<br>Oakland, CA 94621<br>Phone Number (510) 839-5200<br>Fax Number (510) 839-3882<br>E-mail: adante.pointer@johnburrislaw.com | COUNSEL FOR PLAINTIFF,<br>BERNADETTE JOLIVET |

[X] **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 15, 2007 at San Francisco, California.

_____
Carlos Rios